UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PLANTATION AT LEESBURG HOMEOWNER'S ASSOCIATION, INC.,**

      **Plaintiff,**

**v.**                                   **Case No: 5:22-cv-216-JA-PRL**

**EDWARD H. FREDERICKS, JR.,**

      **Defendant.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Defendant Edward H. Fredericks, Jr.'s motion to dismiss. (Doc. 14). Plaintiff, Plantation at Leesburg Homeowner's Association, Inc. ("Association"), filed a response in opposition (Doc. 18), and the Court heard argument on August 16, 2022. For the reasons discussed below, I submit that Defendant's motion (Doc. 14) should be denied.

### I.    Background

The Plantation at Leesburg ("PAL") is an active adult residential community in Lake County, Florida with amenities including golf courses, staffed activity centers, pools, fitness centers, tennis, pickleball, shuffleboard, bocce, volleyball, softball, fishing, and woodworking.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* F. R. Civ. P. 72(b)(3); F. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Plaintiff, the Association, is the corporate entity responsible for the operation and management of the PAL community.

Plaintiff alleges that it has used the trade name "THE PLANTATION AT LEESBURG" in connection with the management and operation of the Association and community since 1987 and as a trademark and indicator of source and origin for the Association and community in various forms, including on its website www.palhoa.com. Plaintiff alleges that it has utilized "THE PLANTATION AT LEESBURG" mark as a word mark alone, in distinct stylized lettering created by Plaintiff, and as a composite mark incorporated into a unique logo design. Plaintiff collectively refers to its uses and variation of the marks, authentic images of its property and related indicators of origin as "The PAL marks."[2] In addition, Plaintiff owns a Florida State registered Trademark for "THE PLANTATION AT LEESBURG" word mark with the stylized lettering of "PLANTATION" in an arc.[3]

The Association brought this action against Defendant, Edward H. Fredericks, Jr., a homeowner in the PAL community and a member of the Association. At issue is Defendant's involvement with a website — www.paltruth.org — that, according to Plaintiff, is a shadow site for association news, opinions on association matters, and to foment controversy within the community. Plaintiff alleges that this website, which is owned, operated and/or maintained by Defendant, displays the "THE PLANTATION AT LEESBURG" word mark and other PAL marks.[4] Plaintiff alleges that Defendant has purposefully infringed upon and

---

[2] Plaintiff attached to the Complaint copies of the PAL marks as used by Plaintiff on its website. (Doc. 1-2).
[3] Plaintiff attached to the Complaint a copy of Plaintiff's active registered Trademark. (Doc. 1-3).
[4] Plaintiff attached to the Complaint copies of Defendant's webpages incorporating images of

misappropriated for himself Plaintiff's "THE PLANTATION AT LEESBURG" mark and other PAL marks in a manner that is likely to cause confusion as to source, origin, sponsorship, affiliation or approval of Defendant's activities by Plaintiff. Plaintiff further alleges that Defendant's purposeful activities are geared to create confusion among the community and public at large; trade upon and lessen the goodwill and favorable reputation residing in the PAL marks; and to otherwise create the false impression that the information published by Defendant on his website is factual and/or the opinions of the Plaintiff (or approved by Plaintiff). And according to Plaintiff, information published by Defendant is not always accurate, and at times, offensive to a reasonable person.

In its Complaint, Plaintiff asserts claims for: false designation of origin and infringement of Plaintiff's word mark "THE PLANTATION AT LEESBURG" pursuant to 15 U.S.C. § 1125(a) (Count I); false designation of origin and infringement of the PAL marks pursuant to 15 U.S.C. § 1125(a) (Count II); infringement of its State trademark for "THE PLANTATION AT LEESBURG" word mark with the stylized lettering of "PLANTATION" in an arc pursuant to Fla. Statutes Ch. 495 (Count III); and deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201, *et seq.* (Count IV).   Plaintiff seeks damages and injunctive relief.

In his motion, Defendant seeks an entry of an order of dismissal, judgment on the pleadings, or summary judgment based on the argument that the Association's suit is prohibited under Fla. Stat. §§ 720.304 and 768.295 as a "Strategic Lawsuit Against Public

---

Plaintiff's name, word mark, logo, signage, and images of the official entrance sign to the community maintained by Plaintiff to identify the community to the public. (Doc. 1-4).

Participation" ("SLAPP").[5] Alternatively, Defendant asks the Court to dismiss Plaintiff's

Complaint for failure to state a cause of action under Rule 12(b)(6).[6]

## II.    Legal Standards

The Court accepts the allegations in the Complaint as true and construes them in the

light most favorable to Plaintiff. Under Rule 12(b)(6), a complaint that fails to "state a claim

upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a

court considers the complaint, documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a

claim to relief that is plausible on its face; that is, it must contain "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[5] Although Defendant states that he is seeking an order of dismissal, judgment on the pleadings, or summary judgment under the anti-SLAPP statutes, he only substantively argues for dismissal in the motion. Indeed, the motion relies solely on the allegations in the Complaint and argues that it is "clear from the face of the Complaint" that this is a prohibited SLAPP lawsuit, and that Plaintiff has failed to state a cause of action. (*See e.g.,* Doc. 14 at ¶¶18, 19).

[6] To the extent Defendant is also moving for judgment on the pleadings pursuant to Rule 12(c), the analysis would be the same. (Doc. 14 at 10). Under the Rules, a defendant may move for judgment on the pleadings only after answering the complaint. *See Abaza v. Publix Supermarkets, Inc.*, No. 8:16-cv-T-23TBM, 2016 WL 3126731, * 1 (M.D. Fla. June 3, 2016). "However, because 'the same standard of review applies'" to a motion brought by a defendant under 12(b)(6) and 12(c), "if a motion for judgment on the pleadings 'is filed before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6).'" *Id.*

Defendant also mentions in passing that he is seeking summary judgment under Rule 56 because "Plaintiff has failed to state a cause of action." (Doc. 14 at 10). The motion, however, is not fairly construed as a summary judgment motion. The motion does not cite the legal standard for Rule 56, nor does it argue for the absence of a genuine issue of material fact. Moreover, there is no basis to convert the 12(b)(6) motion to a Rule 56 motion because the parties have not presented matters outside the pleadings for the Court's consideration. Accordingly, the Court will not consider this as a motion for summary judgment.

544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

## III.   Discussion

Defendant seeks relief under both of Florida's anti-SLAPP statutes. First, Florida Statute §768.295 prohibits a person or governmental entity from filing a suit that is "*without merit* and *primarily because* such person or entity has exercised the constitutional right of free speech in connection with a public issue . . . ." Fla. Stat. § 768.295(3) (emphasis added). As used in this provision, "free speech in connection with a public issue" means: "any written or oral statement that is protected under applicable law and is made before a governmental entity in connection with an issue under consideration or review by a governmental entity, or is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work." Fla. Stat. § 768.295(2)(a). The Florida legislature enacted the statute to deter such suits, finding they are "inconsistent" with the constitutional right of free speech — the preservation of which is a "fundamental state policy[.]" Fla. Stat. § 768.295(1).

Similarly, Fla. Stat. § 720.304(4), which is specific to homeowners' associations, prohibits a governmental entity, business organization, or individual from filing a suit against a parcel owner "*without merit* and *solely because* such parcel owner exercised the right to instruct his or her representatives or the right to petition for redress of grievances before the various governmental entities of this state, as protected by the First Amendment . . . ." Fla. Stat. § 720.304(4)(b) (emphasis added).

Even if these anti-SLAPP statutes apply in this case, their application at this stage in the litigation is unwarranted. The Complaint sets forth well-pleaded facts establishing each of Plaintiff's causes of action. Plaintiff has sufficiently stated claims under the Lanham Act for false designation of origin (Counts 1 and 2) based on allegations that Defendant used Plaintiff's PAL marks and "THE PLANTATION AT LEESBURG" word mark on its website without authorization and that such use is likely to cause confusion and mistake as to the origin, source, sponsorship, or affiliation of Defendant's site with Plaintiff. *See Crystal Entn't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1321 (11th Cir. 2011) (to state a claim under 15 U.S.C. §1125(a), a plaintiff must "show (1) that the plaintiff had enforceable . . . rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'"). Likewise, Plaintiff has stated claims under Florida law for infringement of its State registered trademark based on Defendant's unauthorized use of "THE PLANTATION AT LEESBURG" word mark with the stylized lettering of "PLANTATION" in an arc (Count 3) and for Deceptive and Unfair Trade Practices based on Defendants unauthorized use of the various marks (Count 4). *See Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.,* 508 F.3d 641, 652-53 (11th Cir. 2007) (citing

cases for proposition that analysis of Florida state law claims of trademark infringement and unfair competition is the same as under the Lanham Act).

Nevertheless, Defendant argues that Plaintiff has failed to state a claim because the content of his website makes it clear that it is not affiliated with the Association, and thus, there is no risk of confusion. This argument is unavailing. As discussed above, Plaintiff has pleaded facts sufficient to indicate a likelihood of confusion. It is plausible that Defendant's unauthorized use of Plaintiff's marks would increase confusion as to his website's affiliation with the Association, especially since Defendant's website featured large photographs of features commonly associated with the PAL community. Ultimately, the likelihood of confusion is an "inherently factual issue," not properly resolved at this early stage in the litigation. *Intercollegiate Women's Lacrosse Coaches Assoc. v. Corrigan Sport Enterprises, Inc.,* 505 F.Supp.3d 570, 589 (M.D. N.C. 2020); *see also, HBP, Inc. v. American Marine Holdings, Inc.,* 290 F.Supp.2d 1320, 1327-28 (M.D. Fla. 2003) (discussing factors used to consider whether a likelihood of confusion exists and noting that Court "must consider the circumstances of each particular case, and evaluate the weight to be accorded to individual factors, in order to make its ultimate factual decision."). Defendant also contends that it is "clear from the face of the pleadings" that Plaintiff is "attempting to silence homeowners that are vocal critics of the HOA." Yet, as Plaintiff points out, the Association is not challenging the substance of what Defendant posted (like a claim for defamation), but rather, is challenging Defendant's unauthorized use of its marks.

Therefore, because Plaintiff has alleged plausible causes of action arising from Defendant's unauthorized use of its marks, the Court cannot say (at least at this point) that the Complaint was filed "without merit" as to any of the claims or that it was "primarily" or

"solely" filed to suppress Defendant's exercise of free speech. *See WPB Residents for Integrity in Gov't, Inc. v. Materio*, 284 So. 3d 555, 561 (Fla. 4th DCA 2019) ("The harm the statute seeks to prevent is the filing of the lawsuit for the purpose of suppressing the exercise of First Amendment rights."); *Pierre-Paul v. ESPN Inc.*, No. 16-21156, 2016 WL 4530884, at *2 (S.D. Fla. Aug. 29, 2016) (denying Defendant's request for attorney's fees under Florida's anti-SLAPP statute because the suit "plainly has merit since two of its original counts remain."). Accordingly, Defendant's motion to dismiss under the anti-SLAPP statutes should be denied. Likewise, Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) should be denied.

## IV. Recommendation

Accordingly, it is respectfully **recommended** that Defendant's motion to dismiss (Doc. 14) be **denied**. Based on this recommendation, the undersigned need not address Defendant's argument that he is entitled to attorney's fees and costs as a prevailing party under various statutes.

**DONE** and **ENTERED** in Ocala, Florida on October 6, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties